**PARBILLA v. VELARDE et al.**
Civ. No. 4636.

District Court, Puerto Rico.
Sept. 18, 1946.

Rafael Rodriguez Ema, of San Juan, P. R., for plaintiff.

George A. Malcolm, Atty. Gen., of Puerto Rico, for defendants.

COOPER, District Judge.

Having reached a conclusion that petitioner is entitled to the relief requested, I think it appropriate that I state briefly the grounds on which I base my decision. The defendants by their answer to the petition allege that plaintiff is not physically capable of performing the duties of a police guard and they also allege that plaintiff's employment with the Insular Police Force was a temporary one.

Before taking up the facts with respect to the physical condition of petitioner I should like to make it clear that the decision of the Police Commission, based on the report of their official physician, cannot bind this Court in the case of an honorably discharged serviceman who seeks to enforce his rights under the Selective Training and Service Act of 1940, 50 U.S. C.A.Appendix, § 301 et seq. If the determination of the former employer with respect to physical condition, changed circumstances and so forth were final, then the whole purpose of Congress in passing the re-employment provisions of the Act would be defeated.

The report of the Army surgeon who examined petitioner immediately prior to his discharge reveals no heart murmur nor indeed any other physical defect which would disqualify him. The testimony of

two specialists in heart disease support petitioner's contention that he is physically qualified to perform the duties of a Guardsman in the Insular Police Force. Upon auscultation they were unable to discover any murmur, and neither were they able to discover any pathological condition by other standard methods of diagnosis. Certainly the greater weight of the medical evidence is against respondents.

The next issue raised was the question of permanency. Respondents in their brief state that the term for which petitioner was re-enlisted in the Police Force in 1943 expired before he was discharged from the Army. Respondents seem to rely only upon the terms of employment rather than upon the nature of the position which petitioner held at the time of his re-enlistment. The position is permanent.

It may be that generally a person who has been enlisted into the Police Force may not claim as a matter of right any employment beyond the term fixed by the law of Puerto Rico and the regulations governing employment therein. However, when we examine the applicable Federal Statute this question is easily determined. The statute provides: "In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for re-employment within forty days after he is relieved from such training and service * * * should be restored to such position or to a position of like seniority, status, and pay." 50 U.S.C.A.Appendix § 308(b). It will be observed that the statute does not say anything about the term of employment or enlistment in the Police Department. It surely cannot be denied that the petitioner herein left a position, to wit, a guardsman in the Police Department when he entered the United States Army. It cannot be denied that at that time he held this position and that had he not entered the Army he would have served as such police guard for a period of at least two years. A temporary policeman may be appointed under the law of Puerto Rico. Such appointment would be to meet an unexpected or sudden emergency and the term of employment would terminate automatically when the term of emergency no longer exists. Surely respondents cannot seriously contend that the petition of guardsman has ceased to exist and it is the nature of the position and not the terms of incumbency which determines the question of permanency or temporariness.

Petitioner has complied with all the requirements of the Federal Statute applicable to his case. The respondents are directed by law to restore the petitioner to the position which he held and this must be done in accordance with the Federal Statute and may not be denied on account of any provision or law or regulation applicable to the enlistment of policemen in Puerto Rico. It was the purpose of this Federal Statute to restore to any one who had left his employment in order to enter the military service the same status which he had prior to enlistment or induction. If the position which petitioner held is still in existence (and surely it is) respondents have no choice except to give him the benefit of a law enacted for the protection of those who were called to the service of their country in a national emergency.

Findings of Fact and Conclusions of Law.

This is a proceeding in which petitioner asks that he be restored to his position as Insular Policeman or Guard which he left to be inducted into the Army of the United States. The defendants constituting the Police Commission of Puerto Rico have answered the petition and they allege that petitioner was denied reinstatement to his former position because he did not meet the physical requirements. Defendants also allege that the position which petitioner held is a temporary one and that the term for which he was re-enlisted expired before he was discharged from the United States Army.

Findings of Fact.

1. The petitioner was enlisted as a Guard in the Police Force of Puerto Rico for a two-year period effective on July 12, 1941.

262

2. On May 27, 1943, petitioner was inducted into the military service of the United States. Thereafter, to wit, on June 4, 1943, petitioner applied for re-enlistment in the Police Force. He was then in the United States Army.

3. On June 30, 1943, petitioner while serving in the Army of the United States was re-enlisted in the Police Force by the Insular Police Commission effective July 12, 1943.

4. On September 22, 1945, petitioner received an honorable discharge from the Army of the United States with no physical disability noted on the report of his physical examination at the time of his discharge or at any other time.

5. On October 1, 1945, petitioner requested restoration to his former position as Guardsman in the Insular Police Force.

6. Petitioner's application was denied by defendant on the sole ground of an alleged physical disability, to wit, a heart murmur.

7. I find that petitioner as a matter of fact is and was at the time stated physically fit and qualified to perform the duties as Guardsman in the Insular Police Force.

8. The position of Guardsman in the Insular Police Force is a permanent and not a temporary position.

Conclusions of Law.

1. Petitioner's position in the Insular Police Force prior to his induction into the Army of the United States was under a territory or possession of the United States, to wit, the territory of Puerto Rico.

2. Said position was permanent. "Permanent" as used in the Selective Service Act refers to the permanency of the position involved and not to the permanency of incumbency in said position. Said position was permanent in the sense that the word is used in the applicable Federal Statutes.

3. Petitioner is within the re-employment provisions of the Federal Statute here involved and, therefore, is entitled to be restored by the Insular Police Commission to his former position as Insular Guardsman or to a position of like seniority, status and pay and is also entitled as a matter of law to his pay as Guardsman.

The petitioner is entitled to the relief demanded and a judgment will be entered in accordance with the findings and conclusions herein.