Strafford,
No. 4337.

JAMES M. JACKSON *v.* THOMAS H. KEENAN *& a.*

Argued September 7, 1954.

Decided September 30, 1954.

*James M. Jackson pro se.*

*T. Casey Moher, pro se,* and for defendant Keenan.

LAMPRON, J. The main question to be decided is the applicability and effect of Laws 1945, c. 20, entitled "An Act to Guarantee Reemployment of Veterans by Towns and Other Political Subdivisions of The State."

Section 1 provides that "Each . . . city . . . shall reemploy a veteran . . . who has been placed on inactive status . . . and who, within ninety days after being so made inactive . . . in writing, notifies the treasurer or other fiscal agent of such political subdivision that he desires to be reinstated in the position he held . . . at the time he entered said military service." According to section 2 "Such political subdivision shall, upon receiving the foregoing notification . . . reinstate such veteran in the position he held at the time of entering the military service as of the date when said notification is received . . . Such employment shall be for a period of not less than one year . . . . "

We cannot agree with plaintiff's contention that this law was superseded by Laws 1949, c. 430, setting up a new charter for the city of Dover. It is our opinion that the Legislature intended by Laws 1945, c. 20, to provide a comprehensive and uniform method for the reemployment of veterans by all political subdivisions of the State. This law therefore is to be applied under city charters then existing as well as under any new or amended charters resulting from a referendum or otherwise. *Attorney General* v. *Hunter,* 92 N. H. 206, 209.

We are also of the opinion that the provisions of said chapter were intended to apply to the office of city solicitor of Dover.

We attach no determinative significance to the fact that the word "reemploy" has been used and not the words "renominate" "re-appoint" or "re-elect." The intent of the act is to guarantee that the veteran will be placed, for a certain period, in the same or comparable position which he occupied upon entering military service. He is merely to continue where he left off. The word "reemploy" seems to us best adapted to convey that idea. This interpretation is in line with the legislative intent that the Act "shall be liberally construed in favor of a veteran." *S.* 7.

This Act is similar to and was most likely inspired by the Federal law on the subject (50 U. S. C. A., App., *s.* 459). Judicial

interpretations of the latter would therefore be of some help in formulating our conclusions as to the intended meaning of our Act. See *Wiseman* v. *State,* 98 N. H. 393, 397. "In the use of the words 'in the employ of any employee,' the Congress intended to broaden the ordinary concept and include within the terms of the Act relationships that would not, under a literal interpretation, come within the classification of employee and employer." *Hudspeth* v. *Standard Oil Co. of N. J.,* 74 F. Supp. 123, 128. The solicitor of a savings and loan association has been held entitled to the benefits of the Federal act. *Heller* v. *Inter-Boro Savings and Loan Ass'n,* 166 F. (2d) 83.

We do not think that the Legislature intended to limit the provisions of this Act to what plaintiff calls "individuals engaged in regular service or employment." The Act does not state such a purpose but on the contrary expresses an intent that a liberal interpretation will be given to its provisions. In our opinion it was intended to apply to a public officer performing services such as a city solicitor performs. *Clark* v. *Housing Authority,* 25 Wash. (2d) 419. See note, 29 A. L. R. (2d) 1279.

Even though there were changes made in the mode of appointment thereto the position was neither abolished nor discontinued (Laws 1945, c. 20, s. 4), nor its nature changed. See *Trusteed Funds, Inc.* v. *Dacey,* 160 F. (2d) 413, 418; *Parbilla* v. *Velarde,* 67 F. Supp. 260. Upon compliance by Moher with the requirements of said chapter 20 the city of Dover was therefore compelled to "reinstate [him] . . . in the position he held at the time of entering the military service as of the date when said notification is received" with at least the same pay and for the same period provided therein.

The defendant Moher entered service with that right guaranteed to him and any city solicitor appointed in the interval took the position subject thereto. Moher is not being appointed to the office of the city solicitor of Dover but rather resuming the office to which he had been previously appointed. Laws 1949, c. 430, s. 18, requiring the confirmation of the mayor's appointee to that position by a majority vote of the council therefore has no application.

The decree of the Trial Court was proper and the order must be

*Exception overruled.*

All concurred.